## Case No. 12,569.

### SCULL v. BRIDDLE.

[2 Wash. C. C. 150.] ¹

Circuit Court, D. Pennsylvania. April Term, 1808.

SHIPPING—MASTER—AUTHORITY TO SELL—ACTION BY OWNER TO RECOVER—MEASURE OF DAMAGES.

1. In cases of extreme necessity, the master may, in a foreign country, sell the vessel and tackle to prevent the property from perishing; but he cannot do this in the country where the owner lives.

[Criticised in The Sarah Ann, Case No. 12,- 342; The Tilton, Id. 14,054; New England Ins. Co. v. The Sarah Ann, 13 Pet. (38 U. S.) 402.]

[Cited in Bryant v. Commonwealth Ins. Co., 30 Mass. 554.]

2. A sale of the vessel and her tackle in Maryland, at auction, by the master, who, by misconduct, had got the vessel on shore, gives no title to the purchaser; and in an action of trover and conversion, for the articles purchased, the measure of damages is the real value of the property, and not what they were sold for.

[Cited in Indianapolis Ins. Co. v. Mason, 11 Ind. 192.]

This was an action of trover and conversion, brought for certain sails, rigging, masts, &c., which had belonged to a vessel of the plaintiff, wrecked on the coast of Maryland; and being got on shore, the vessel and tackle were sold at public sale, by the captain, upon notice, and were purchased by the defendant. The plaintiff had hired the vessel to the captain for seventy-five dollars a month, for as long a time as both parties should please. The captain took a freight to Virginia, and on his return, by his misconduct, got her on shore; and having removed all these articles and others to the shore, sold them as above. There was some contradiction in the evidence, as to their safety, in the place to which the captain had removed them.

The defence was, that the captain had a legal power to sell; for which were cited, 1. Rob. 70, 71, 127; 3 Rob. 208, 210, 217; Doug. 219. If not so, that the defendant was liable, only, for what the property sold for.

WASHINGTON, Circuit Justice (charging jury). In cases of extreme necessity, the master may sell in a foreign country, rather than let the property perish; but not in the country where his owner lives; and no case of the sort can, it is ·believed, be shown. Mischievous would be the consequence, if such doctrines were tolerated. In this case, there was, in fact, no necessity for the sale; for the captain might have got these articles into a place of safety, and ought to have done so; and informed his owner, or rather the owner of the vessel, of her situation; he, the owner, living in Philadelphia. But what makes this case stronger, is, that the master was not the servant of the plaintiff, but the hirer of the vessel; and of course not even an implied authority can be presumed, to warrant the exercise of so extraordinary a step, as selling this property. As to the damages, the real value of the property, and not what the defendant gave, must be the measure of the damages.

Verdict for the plaintiff.

[For hearing on motion in arrest of judgment, in which the motion was overruled, see Case No. 12,570.]